# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PETER ANGELLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-7707** |
| **SPARTAN OFFSHORE DRILLING LLC** | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court is Defendant Gordon Reed & Associates, Inc.'s Motion for Summary Judgment. R. Doc. 15. The motion is unopposed.

### I. BACKGROUND

This case arises from injuries Plaintiff Peter Angelle ("Angelle"), an alleged Jones Act seaman, sustained while employed by Defendant Gordon Reed & Associates ("GRA"). At the time of the incident, Plaintiff was assigned to the SPARTAN 208, a jack-up drilling vessel, which was owned, operated, and controlled by Defendant Spartan Offshore Drilling, LLC ("Spartan"). Rec. Doc. 4 at 1. Plaintiff initially brought this action under 43 U.S.C. §1333(1), The Outer Continental Shelf Lands Act, but in his amended complaint asserted claims under general maritime law and the Jones Act. Rec. Docs. 1 at 3; 4 at 3.

The incident occurred on or about July 18, 2017, when Plaintiff was working as a filtration operator on the SPARTAN 208. Rec. Doc. 4 at 2. Plaintiff asserts that while he was checking the filtration unit on the vessel, he tripped on a packer stem sticking out of a pallet near the filter unit, fell onto a hand rail, lost his footing, and subsequently fell to the vessel deck. Rec. Doc. 4 at 2. Plaintiff claims that as a result of the incident, he suffered injuries to his lumbar and cervical spine, right shoulder and connective joints, tissues, and nerves, which require medical

care, treatment, and possibly surgery. Rec. Doc. 4 at 2.

Plaintiff asserts that his injuries were caused by the negligence of Spartan in failing to provide a safe work place free of unreasonably dangerous hazards, and the unseaworthiness of the SPARTAN 208. Rec. Doc. 4 at 2. Plaintiff asserts concurrently that GRA violated its duty to provide him with a safe work place free of unreasonably dangerous hazards. Rec. Doc. 4 at 2-3. Due to Defendants' alleged negligence, Plaintiff seeks damages for past, present, and future physical and emotional pain and suffering, permanent physical disability and scarring, medical expenses until he reaches maximum improvement, loss of wages and earning capacity, and loss of fringe benefits. Rec. Doc. 4 at 3.

Defendants deny all claims alleged by Plaintiff except to admit their status for jurisdictional purposes and to admit Plaintiff was assigned to work on the Spartan 208 on July 18, 2017. Rec. Doc. 10 at 2. Defendant Spartan admits ownership of SPARTAN 208. Rec. Doc. 7 at 3. Spartan asserts twenty-one defenses, including that Plaintiff failed to state a claim for which relief may be granted, and his complaints are barred by prescription, preemption, and/or laches. Rec. Doc. 7 at 1. Spartan asserts that Plaintiff failed to mitigate his damages, and that Plaintiff reached his maximum medical cure and could return to work. Rec. Doc. 7 at 6. Spartan avers that Plaintiff's claims are barred by the Longshore and Harbor Workers' Compensation Act and/or the Louisiana State Workers' Compensation Act. Rec. Doc. 7 at 6.

Defendant GRA asserts nineteen defenses, also claiming that Plaintiff failed to state a claim for which relief may be granted, and his claims are barred by prescription and/or applicable statutes of limitations. Rec. Doc. 10 at 1. GRA specifically denies that Plaintiff is a Jones Act seaman. Rec. Doc. 10 at 5. Further, GRA denies that it owes Plaintiff a duty of care under the doctrine of unseaworthiness, denies all obligations to Plaintiff for maintenance and

cure, and asserts that Plaintiff's only potential claims arise under 33 U.S.C. §901, The Longshore and Harbor Workers' Compensation Act. Rec. Doc. 10 at 5.

## II. PENDING MOTION

Defendant GSA argues that all claims against it should be dismissed because Plaintiff is not a Jones Act seaman. R. Doc. 15. Plaintiff does not oppose the motion. Accordingly, the Court will grant the motion as uncontested, and for good reason because Plaintiff has not worked aboard a vessel or fleet of vessels for sufficient time to satisfy the status requirement of the Jones Act.

## III. CONCLUSION

**IT IS ORDERED** that Defendant GSA's Motion for Summary Judgment, R. Doc. 15, is hereby **GRANTED** and all claims against Defendant GSA are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 18th day of June, 2018.

_____
UNITED STATES DISTRICT JUDGE