UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PETER ANGELLE | CIVIL ACTION |
| VERSUS | NO. 17-7707 |
| SPARTAN OFFSHORE DRILLING, LLC | SECTION "L" (2) |

**ORDER AND REASONS ON MOTION**

This is a marine personal injury case instituted by Peter Angelle ("Angelle" or "plaintiff") against Spartan Offshore Drilling, LLC ("Spartan" or "defendant") and Gordon Reed & Associates, Inc. ("Gordon Reed"). Gordon Reed was subsequently dismissed as a defendant by summary judgment. Record Doc. No. 16. Plaintiff alleges that on July 18, 2017, while working as an employee for Gordon Reed & Associates, he tripped on a "packer stem sticking out of a pallet," fell over a handrail and to the vessel deck. Record Doc. No. 22 (Second Amended Complaint at p. 2, ¶¶ 4-6). As a result of this fall, plaintiff alleges that he sustained "injuries to his lumbar spine, cervical spine, right shoulder and connective joints, tissues and nerves. . . " Id. at ¶ 7. Plaintiff seeks "damages for past, present and future physical and emotional pain and suffering, permanent physical disability and scarring, past and future medical expenses . . . loss of wages and wage earning capacity, and loss of fringe benefits." Id. at p. 3, ¶ 9.

Defendant's Motion for Leave to File Third-Party Demand is currently pending before me. Record Doc. No. 42. Local Rule 7.5 requires that a memorandum in opposition to a motion must be filed no later than eight days before the noticed

submission date. No memorandum in opposition to defendant's motion has been timely submitted. Additionally, defendant in its motion has certified that it "contacted counsel for [p]laintiff, who indicates he has no objection to the filing of this [motion] assuming it will not impact the current trial date." Record Doc. No. 42-1. Accordingly, this motion is unopposed, and, further, it appearing to the court that the motion has merit, IT IS ORDERED that the motion is GRANTED.

Fed. R. Civ. P. 14(a)(1) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Additionally, Fed. R. Civ. P. 14(c)(1) provides that "[i]f a plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant or a person who asserts a right under Supplemental Rule C(6)(a)(i) may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable–either to the plaintiff or to the third-party plaintiff–for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences."

In his second amended complaint, Angelle states that he is bringing this lawsuit "as an admiralty or maritime claim under Fed. R. Civ. [P.] 9(h)." Record Doc. No. 22 at p. 3. "Rule 14(c) does not expressly provide a period within which a third-party

complaint may be served without notice or motion . . . . These matters presumably are governed by the applicable provisions in Rule 14(a)." § 1465Admiralty and Maritime Claims, 6 Fed. Prac. & Proc. Civ. § 1465 (3d ed.) (citing cases).

The district court has broad discretion in deciding whether to permit a third-party complaint when, as here, "a defending party seeks to [serve a summons and complaint on a nonparty] more than 14 days after serving its original answer." Hancock v. Chicago Title Ins. Co., 263 F.R.D. 383, 392 (N.D. Tex. 2009) (citing S. Ry. Co. v. Fox, 339 F.2d 560, 563 (5th Cir. 1964), aff'd, 2011 WL 1057567 (5th Cir. 2011), redesignated as opinion, 636 F.3d 699, 79 Fed. R. Serv. 3d 189 (5th Cir. 2011). In doing so, courts generally examine "the prejudice to the parties, complication of trial issues, likelihood of delay, and timeliness." Hancock, 263 F.R.D. at 393.

Evaluating the factors in this instance militates in favor of granting leave to file this third-party demand. It is unlikely that either the plaintiff or the third-party defendant will be unduly prejudiced by allowing Spartan to bring a third-party action against Gordon Reed. Gordon Reed is allegedly plaintiff's employer, Record Doc. No. 42-4 at p. 1, ¶ 2, and was previously a party to this case and filed an answer and corporate disclosure before it was dismissed on summary judgment. Record Doc. Nos. 10, 11, 15, 16, 23. It presumably has knowledge of the facts and allegations upon which this case is based. While this third-party complaint has been filed many months both after this case

was instituted and after plaintiff's second amended complaint, Record Doc. No. 22, the scheduling order entered in this case does not contain a deadline for amending pleadings or filing third party complaints. Record Doc. No. 33. Typically, motions filed before court-ordered deadlines are issued are presumed to be timely. See Iraheta v. Equifax Information Services, LLC, 2018 WL 1881270, at *2 (W.D. La. Apr. 18, 2018) (citing Greco v. Nat'l Football League, 116 F. Supp. 3d 744, 755 (N.D. Tex. 2015)); Poly-Am, Inc. v. Serrot Int'l Inc., 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002). Additionally, more than two months remain until the discovery deadline and the scheduled trial in this matter is more than three months away. It appears that ample time remains to conduct discovery regarding a party that was previously in this case. As such, there is little likelihood of delay, particularly as many of the facts surrounding Spartan's third-party complaint overlap with the facts of the instant case.

    This is a classic type of third-party action in which a defendant has a potential claim against a third party for indemnity and/or contribution. In its proposed third-party complaint, Spartan alleges that it entered into a Master Drilling Contract with Walter Oil & Gas Corporation ("Walter Oil"), and that Gordon Reed also entered into a Master Service Agreement with Walter Oil. Record Doc. No. 42-4 at p. 2. Spartan cites provisions of that Master Service Agreement in its proposed third-party complaint to allege that Gordon Reed is liable to it for full indemnification and/or contribution. Id. at

pp. 3-4. While these issues may complicate a trial in this case, "it is typical for third-party actions to give rise to new claims between the third-party plaintiff and third-party defendant." Hancock, 263 F.R.D. at 393 (citing Am. Fid. & Cas. Co. v. Greyhound Corp., 232 F.2d 89, 92 (5th Cir. 1956). Courts generally consider judicial efficiency and the importance of avoiding circuity of litigation and duplication of effort in permitting third-party actions in these sorts of cases.§ 1454Practice in Third-Party Actions—Time and Nature of the Motion, 6 Fed. Prac. & Proc. Civ. § 1454 (3d ed.) (citing cases). Permitting this third-party complaint will allow for all claims arising under these facts to be brought in one case, whereas denying this motion would result in unnecessarily duplicative and costly litigation.

For all the foregoing reasons, the motion is granted.

New Orleans, Louisiana, this ____6th____ day of May, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE